**ORANSKY, SCARAGGI & BORG, P.C.**
Andrew D. Borg, Esq. (9384)
175 Fairfield Avenue, Suite 1A
West Caldwell, New Jersey 07006
(973) 364-1200

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| I.U.O.E. LOCAL 68 ENGINEERS WELFARE FUND; I.U.O.E. LOCAL 68 ENGINEERS PENSION FUND; I.U.O.E. LOCAL 68 ENGINEERS EDUCATION FUND; I.U.O.E. LOCAL 68 ENGINEERS ANNUITY FUND; THOMAS P. GIBLIN, as a Trustee of the Funds; and ENGINEERS LOCAL UNION NO. 68<br><br>*Plaintiffs*,<br><br>v.<br><br>FEDCAP REHABILITATION SERVICES, INC,<br><br>*Defendant*. | Civil Action No.:<br><br>**COMPLAINT** |

1. This is a civil action brought by the following (collectively the "Plaintiffs"):

    A. I.U.O.E. Local 68 Engineers Welfare Fund, I.U.O.E. Local 68 Engineers Pension Fund, I.U.O.E. Local 68 Engineers Education Fund, and I.U.O.E. Local 68 Engineers Annuity Fund: (the "Funds");

    B. Thomas P. Giblin, a member of the Board of Trustees (the "Trustees") and a fiduciary of the Funds; and

  C. I.U.O.E. Local Union No. 68, a labor organization (the "Union") for the purpose of enforcing the relevant provisions of its Collective Bargaining Agreement (the "CBA").

2.  The Defendant is signatory to the Union's CBA and is obligated to abide by the provisions thereof. In addition, by virtue of making contributions to the Funds, Defendant must adhere to the provisions of the Agreements and Declarations of Trust of said Funds and the Plan documents (collectively the "Plan documents").

3.  This Court has jurisdiction over this matter pursuant to 29 U.S.C. Section 1132(e)(1).

4.  Venue is proper with this Court because the Funds are administered within this district. 29 U.S.C. Sect. 1132(e)(2).

## PARTIES

5.  Plaintiffs are:

  A. The Funds, multiemployer pension and welfare plans maintained pursuant to the CBA and 29 U.S.C. 1002(37)(A).

  B. Thomas P. Giblin is a Trustee of the Funds and a fiduciary of the Funds within the meaning of 29 U.S.C. 1132(a)(3) and thus has standing to sue; and

  C. I.U.O.E. Local 68 is a labor organization as provided in the Labor Management Relations Act, 29 U.S.C. 141, et seq., on behalf of its members and participants in the Funds who are harmed as a result of Defendant's failure to abide by the terms of the CBA.

6.  The address of the Plaintiffs is 14 Fairfield Place, West Caldwell, New Jersey 07006.

7. The Defendant is an employer within the meaning of 29 U.S.C. 1002(5).

8. Defendant is legally bound to a Collective Bargaining Agreement with the Union.

9. Upon information and belief, Defendant's address is 633 Third Avenue, New York, NY 10017.

## STATEMENT OF CLAIM

10. Defendant is signatory to, and has been signatory continuously during all relevant time, to a CBA with the Union.

11. This CBA requires the Defendant to pay contributions to the Funds on behalf of Defendant's employees who perform work covered by the terms of the CBA.

12. Defendant, pursuant to its CBA has been and continues to be bound to the terms and conditions which govern the administration of the Funds including their Agreements and Declaration of Trusts ("Trust Agreements").

13. The Trust Agreements, CBA and the Employee Retirement Income Security Act (29 U.S.C. 1001, et seq.) authorize the Trustees to take action to recover delinquent contributions. In addition, they authorize the Trustees to recover interest on the delinquent contributions, liquidated damages in an amount equal to twenty percent (20%) of the total delinquency, and all costs, including audit and attorneys' fees incurred in collecting the delinquency.

14. The Trust Agreements and CBA also obligate Defendant to provide access to Defendant's pertinent employment and payroll records at its place of business in order to determine whether there has been compliance with the obligation to contribute to the Funds.

15. Notwithstanding its obligations pursuant to the CBA, Defendant has failed and refused to pay all of its contributions to the Funds for the period January 2013 through December 2017. The amount due for the period of January 2013 through December 2017 is **$133,792.10**

16. Plaintiffs are authorized by the CBA and 29 U.S.C. § 1132(g) to recover liquidated damages in an amount of twenty percent (20%) of any delinquency, interest on the delinquency at the rate **of eight percent (8%) per annum**, the cost of any audit, the attorneys' fees and legal costs incurred by the Plaintiffs in connection with this action and any other legal and equitable relief the Court deems appropriate.

17. The liquidated damages due on the delinquency and on untimely payments from January 2013 through December 2017 are equal to $26,758.42. Interest calculated at eight percent (8%) per annum through the date hereof on the delinquency and on untimely payments from January 2013 through December 2017 is equal to $27,822.09.

18. The Plaintiffs have incurred substantial accounting fees and attorneys' fees in connection with its audit of Defendant's books and records and to collect unpaid contributions from Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for Judgment in their favor and that the Court's Judgment include:

    A. $133,792.10 in delinquent contributions for the period January 2013 through December 2017;

    B. $26,758.42 in liquidated damages for the period January 2013 through December 2017 and all untimely payments;

C. $27,822.09 in interest on the delinquency and all untimely payments from January 2013 through December 2017;

D. $52,448.03 in attorneys' fees, expenses and the cost of this action incurred by the Funds, plus any attorneys' fees, expenses and costs incurred in enforcing the Court's Judgment;

E. an order that includes such additional amounts that accrue through the pendency of this case.

Plaintiffs further pray that the Court grant such other legal and equitable relief as the Court deems appropriate.

ORANSKY, SCARAGGI & BORG, P.C.
*Attorneys for Plaintiffs*

By: _____
ANDREW D. BORG, ESQ. (9384)

Dated: November 7, 2018